Bryan E. Lessley, OSB No. 92081
Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, OR 97401
*Bryan_Lessley@fd.org*
(541) 465-6937 (telephone)
(541) 465-6975 (facsimile)

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 6:11-CR-60097-HO |
| **Plaintiff,** | |
| vs. | |
| **CODY CRAWFORD,** | **DEFENDANT'S MOTION FOR PROVISION OF EXCULPATORY INFORMATION** |
| **Defendant.** | |

Defendant Cody Crawford, pursuant to authorities cited herein, moves that the government produce any and all information in its possession or to which it has access, tending to support his defense or otherwise tending to exculpate or mitigate his alleged commission of the charged offense. This motion is separate from, and in addition to, the

defendant's Motion To Compel evidence, filed herewith, which relates to specific exculpatory evidence.

*Brady v. Maryland*, 373 U.S. 82 (1963), provides that the defense is entitled to discover all information favorable to the defendant. Accordingly, the prosecution must disclose all information, including statements by the defendants or others, which exculpates the defendant or supports a theory of defense. *United States v. Hibler*, 463 F.2d 455 (9th cir. 1972).

"Favorable" evidence also includes information which is neutral and neither inculpates nor exculpates the defendant. *Norris v. Slayton*, 540 F.2d 1241 (4th Cir. 1976). The failure of witnesses to identify or mention the defendant as having been involved in the criminal actions is favorable and should be disclosed. *Jones v. Jago*, 575 F.2d 1164 (6th Cir. 1978).

The government also has a duty to disclose that a witness has made inconsistent statements or committed perjury. *David v. Heyd,* 479 F.2d 446 (5th Cir. 1973).

This circuit favors disclosure of evidence in any way exculpatory. If the government has a doubt, it should be resolved in favor of full disclosure. *United States v. Miller*, 529 F.2d 1125, 1128 (9th Cir. 1976).

The specific defense requests herein require particularized and complete disclosure to the defense. If the government disputes the exculpatory nature of the information sought, the material must be submitted to the trial judge for review. *United States v. Agurs*, 427 U.S. 97, 107 (1976). Non-disclosure under these circumstances constitutes reversible error, if

there is a reasonable possibility that the information withheld could have materially affected the outcome of the case. *United States v. Goldbert*, 582 F.2d 483 (9th Cir. 1978).

Rather than allow the prosecution to make blanket denials that is has favorable information, the Court should require an *in camera* disclosure by the government, so the Court can itself determine the nature of any disputed material. Correspondingly, the defense should be allowed to make a showing of particularized need, should such a dispute arise. *United States v. Gaston*, 608 F.2d 607 (5th Cir. 1979); *United States v. Francevich*, 471 F.2d 427 (5th Cir. 1973).

## CONCLUSION

The requested material must be disclosed to the defense under *Brady v. Maryland* and its progeny

This the 17th day of July 2012.

/s/ Bryan E. Lessley
Bryan E. Lessley
Attorney for Defendant