

**U.S. Department of Justice**
*Billy J. Williams*
*Acting United States Attorney*
*District of Oregon*
*405 East 8th Avenue*            *(541) 465-6771*
*Eugene, OR 97401-2708*       *Fax: (541) 465-6314*

November 3, 2015

Bryan E. Lessley
Office of the Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon 97401

Re: *United States v. Cody Seth Crawford,* 6:11-CR-60097-AA
    Plea Agreement Letter

Dear Mr. Lessley:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office and the Civil Rights Division of the United States Department of Justice, hereinafter collectively referred to as the "United States" and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any other charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead nolo contendere to Count 1 of the Indictment charging him with Damage to Religious Property, in violation of 18 U.S.C. § 247(c).

3.    **Penalties**: Damage to Religious Property is a Class C felony, punishable by a maximum prison sentence of twenty years, a fine of $250,000, supervised release term of three years and a special assessment of $100. Defendant agrees to pay the special assessment of $100 by the time of entry of nolo contendere plea or explain to the court why this cannot be done.

4.    **Dismissal of Charges**: The United States agrees to dismiss all other charges, i.e., Count 2, Use of Fire in the Commission of a Felony, in violation of 18 U.S.C § 844(h), and refrain from bringing additional charges against defendant in the District of Oregon arising out of this investigation, known to the United States at the time of this agreement.

5.    **Elements**: By pleading nolo contendere to Count 1 of the Indictment, the defendant does not admit guilt, but accepts a finding of guilt by the court. The elements of a violation of 18 U.S.C. § 247(c) are: (1) that the defendant defaced, damaged or destroyed religious property, or attempted to do so; (2) that the defendant did so because of race, color or ethnic characteristics of any individual associated with that religious property; and (3) that the defendant acted intentionally.

6.    **Sentencing Factors**: The parties agree that the court must first determine the applicable advisory sentencing guideline range using the 2015 version of the United States Sentencing Guidelines (U.S.S.G.), then determine a reasonable sentence considering that range and the

factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes proof to satisfy the applicable evidentiary standard.

7.      **Base Offense Level**: The parties stipulate that the defendant's base level should be 20, pursuant to U.S.S.G. §§ 2H1.1(a)(1) and 2K1.4(a)(2).

8.      **Chapter Three Adjustment**: The parties disagree as to whether a three (3) level adjustment should apply, pursuant to U.S.S.G. § 3A1.1, i.e., whether the government's evidence establishes that the defendant intentionally selected the property as the object of the offense of conviction because of the actual or perceived race, color, religion, national origin, or ethnicity of any person.

9.      **Acceptance of Responsibility**: The defendant must demonstrate to the court that he fully admits and fully accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the United States will recommend a two (2) level reduction in defendant's offense level. The United States reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10.     **Credit For Time Served**: The parties stipulate that the defendant should receive credit for time served while under the jurisdiction of the Oregon Health Authority (OHA) pursuant to the May 23, 2014 judgment upon finding of insanity in Case Number 13P3286, Circuit Court for the State of Oregon, County of Polk. The parties further agree that in addition to credit for time served in pretrial custody in this case, the defendant should receive credit for time served in state custody prior to his commitment to the jurisdiction of the OHA. See 18 U.S.C. § 3585(b)(2).

11.     **Joint Sentencing Recommendation**: Considering the totality of the circumstances, including the time the defendant has served as well as his mental health issues that have resulted in involuntary hospitalization under the supervision of OHA, the parties agree that probation for a period of five (5) years is the appropriate disposition in defendant's case. The parties agree that in addition to the standard conditions of probation as well as any conditions that the court deems appropriate, the special conditions of probation in paragraph 12 of this letter shall be in place.

12.     **Special Conditions of Probation**: (1) Adherence to conditions imposed while under the supervision of OHA and follow-up mental health treatment at the direction of federal probation and the court. To the extent that recommended treatment of federal probation conflicts with the supervision of OHA, the court shall resolve the conflict; (2) The defendant shall not use alcohol or non-prescribed intoxicants, and alcohol treatment as federal probation deems appropriate; (3) Regular status appearances before the court and/or reports filed with the court, to include advising the court of any change in living situation, change in medication; and any disciplinary complaints and/or referrals; (4) The defendant shall not possess firearms and/or weapons and the

Cody Seth Crawford Plea Letter
November 3, 2015
Page 3 of 4 pages

defendant may not reside in a location where there are readily accessible firearms, even if those firearms are locked up; (5) The defendant shall not return to the mosque and must stay more than 500 feet from the mosque.

13.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds whatsoever. Should defendant seek an appeal, despite this waiver of that right, the United States may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel.

15.     **Hyde Amendment**: Defendant waives any right to seek attorney's fees and/or costs under the Hyde Amendment, i.e., Section 617 of Public Law 105-119, 18, U.S.C. § 3006, and the Defendant acknowledges that the government's position in this prosecution is not vexatious, frivolous, or undertaken in bad faith.

16.     **Restitution:** Although the mosque initially incurred loss, it was fully compensated through insurance claims and community donations. The government is therefore not seeking restitution.

17.     **Full Disclosure/Reservation of Rights**: The United States will fully inform the PSR writer and the court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the United States is relieved of its obligations under this agreement, but defendant may not withdraw his nolo contendere plea.

19.     **Total Agreement**: This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea. Thank you for your professional courtesies.

Sincerely,

BILLY J. WILLIAMS
Acting United States Attorney

*[signature]*
WILLIAM E. FITZGERALD
Assistant U.S. Attorney

VANITA GUPTA
Principal Deputy
Assistant Attorney General
Civil Rights Division

For *[signature]*
FARA GOLD
Trial Attorney
Criminal Section

I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney. I am satisfied with the legal assistance provided to me by my attorney.

11-3-15
Date

*[signature]*
CODY SETH CRAWFORD
Defendant

I represent defendant as legal counsel. I have carefully reviewed and discussed every part of this agreement with defendant. To my knowledge, defendant's decisions to enter into this agreement and to plead nolo contendere are informed and voluntary ones.

11/3/15
Date

*[signature]*
BRYAN E. LESSLEY
Attorney for Defendant