AO 245D    Judgment in a Criminal Case for Revocation - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
Sheet 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| Plaintiff, | (For Revocation of Probation or Supervised Release) |
| v. | Case No.: 6:11-CR-60097-1-AA |
| **CODY SETH CRAWFORD,** | USM Number: 73675-065 |
| Defendant. | Kimberly-Claire Elizabeth Seymour, Defendant's Attorney |
| | Gavin W. Bruce, Assistant U.S. Attorney |

**THE DEFENDANT:**

☒ admitted guilt to violation of Standard Condition 5 of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of the following offense:

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| Standard 5 | Failing to reside in a residence approved by your probation officer as directed. | April 23, 2020 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____, and is discharged as to such violation(s) condition.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

February 08, 2021
Date of Imposition of Sentence

s/Ann Aiken
Signature of Judicial Officer

Ann L. Aiken, U.S. District Judge
Name and Title of Judicial Officer

February  8 , 2021
Date

AO 245D     Judgment in a Criminal Case for Revocation - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
    Sheet 2 - Imprisonment

DEFENDANT:  CODY SETH CRAWFORD   Judgment-Page **2** of **5**
CASE NUMBER:  6:11-CR-60097-1-AA

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of **TIME SERVED**.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal. The defendant is remanded to the custody of the United States Marshal and shall remain in custody at a Federal Detention Center or other facility as determined by the United States Marshal until arrangements can be made by a U.S. Probation Officer for direct placement in a Residential Reentry Center [or inpatient treatment program] or for unescorted travel.  Upon receiving notification from the U.S. Probation Officer, the United States Marshal shall release the defendant to the U.S. Probation Officer or the Residential Reentry Center.

☐ The defendant shall surrender to the custody of the United States Marshal for this district:

  ☐ at _____ on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before _____ on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

> The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 USC §3585(b) and the policies of the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                _____
                UNITED STATES MARSHAL

            By: _____
                DEPUTY UNITED STATES MARSHAL

AO 245D        Judgment in a Criminal Case for Revocation - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
           Sheet 3 - Supervised Release

DEFENDANT:  CODY SETH CRAWFORD                                                                    Judgment-Page **3** of **5**
CASE NUMBER:  6:11-CR-60097-1-AA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be subject to a re-imposed term of supervised release for **16 months**.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.  (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D      Judgment in a Criminal Case for Revocation - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
             Sheet 3A - Supervised Release
DEFENDANT:  CODY SETH CRAWFORD                                                      Judgment-Page **4** of **5**
CASE NUMBER:  6:11-CR-60097-1-AA

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

Case 6:11-cr-60097-AA   Document 250   Filed 02/08/21   Page 5 of 5

AO 245D   Judgment in a Criminal Case for Revocation - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
Sheet 3D - Supervised Release

DEFENDANT: CODY SETH CRAWFORD   Judgment-Page **5** of **5**
CASE NUMBER: 6:11-CR-60097-1-AA

## SPECIAL CONDITIONS OF SUPERVISION

1. You must reside in and participate in the program a residential reentry for not more than 120 days. You must follow the rules and regulations of the center. **You shall remain in custody until a bed becomes available**.

2. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3. You must not communicate, or otherwise interact, with Salman Alfarisi Islamic Center either directly or through someone else, without first obtaining the permission of the probation officer.

4. You must submit to substance abuse testing to determine if you have used a prohibited substance. Such testing may include up to twelve (12) urinalysis tests per month. You must not attempt to obstruct or tamper with the testing methods.

5. You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except with the prior approval of the probation officer.

6. You must not go to, or remain at any place where you know controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer. Except as authorized by court order, you must not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, you must not enter any location where marijuana or marijuana derivatives are dispensed, sold, packaged, or manufactured.

7. You must not use or possess alcohol.

8. You must not knowingly enter any establishment where alcohol is the primary item for sale without first obtaining the permission of the probation officer.

9. You must obtain one primary care physician and one mental health provider, who will prescribe your medications. You must provide documentation of changes in medication and sign a release of information form to allow the exchange of information between the medication prescribers and the probation officer.

10. You must utilize one pharmacy to fill prescription medications and sign a release of information form to allow the exchange of information between the pharmacy and the probation officer.

11. You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

12. You must take all mental health medications that are prescribed by your treating physician.

13. You must appear at your telephonic status hearing on March 2, 2021 at 9:30am.